OPINION
PER CURIAM.
I.
Petitioners seek review of the Board of Immigration Appeals’ (“BIA”) final order dismissing their appeal of the Immigration Judge’s (“IJ”) denial of asylum, withholding of removal, and relief under the Convention Against Torture (“CAT”). We will deny the petition.
II.
Petitioners Xiao Yan Chen, Rong Qiao Zhang, and Ming Fu Zhang are natives and citizens of the People’s Republic of China.[1] They arrived in the United States on January 1, 2006. Shortly after, on January 18, 2006, the Department of Homeland Security (“DHS”) served Petitioners with notices to appear, charging them with being subject to removal as aliens present in the United States without proper documentation under section 212(a)(7)(A)(i)(I) of the Immigration and Naturalization Act (“INA”). On March 2006, Petitioners appeared in immigration court and admitted to the charges against them and conceded removability. In seeking relief from removal, Chen, lead Petitioner, sought asylum, withholding of removal, and protection under the CAT, listing her children as derivative beneficiaries.[2]
On August 3, 2006, an IJ granted Chen’s asylum application. On August 11, 2006, DHS filed a motion to reopen in order to submit newly-received evidence that the documents that Chen submitted in support of her application were not genuine.[3] Chen did not oppose the motion, and the IJ granted the motion to reopen the proceedings.
On December 4, 2007, following a merits hearing, the IJ denied Chen’s application upon finding that Chen was not credible because she provided illegitimate documentation in support of her claim of having been persecuted for violating China’s family planning policy. Chen appealed the IJ’s ruling and, on March 11, 2009, the BIA dismissed Chen’s appeal, affirming the IJ’s adverse credibility determination. Chen filed a timely petition for review in this Court.
III.
This Court has authority to review final orders of removal. See 8 U.S.C. § 1252(a). “[W]hen the BIA both adopts the findings of the IJ and discusses some of the bases *413 for the IJ’s decision, we have authority to review the decisions of both the IJ and the BIA.” Chen v. Ashcroft, 376 F.3d 215, 222 (3d Cir.2004). We review factual findings, including adverse credibility determinations, for substantial evidence. See Butt v. Gonzales, 429 F.3d 430, 433 (3d Cir.2005). An adverse credibility finding must be upheld unless “any reasonable adjudicator would be compelled to conclude to the contrary.” Berishaj v. Ashcroft, 378 F.3d 314, 322 (3d Cir.2004) (quoting 8 U.S.C. § 1252(b)(4)(B)).
Because Chen filed her application for relief after the enactment of the REAL ID Act of 2005, the BIA’s credibility determinations are governed by the Act. See Chukwu v. Att’y Gen., 484 F.3d 185, 189 (3d Cir.2007). Under the REAL ID Act, an IJ may base his or her credibility determination on observations of the applicant’s demeanor, the plausibility of the applicant’s story, and on the consistency of the applicant’s statements. See INA § 208(b)(1)(B)(iii); Gabuniya v. Att’y Gen., 463 F.3d 316, 322 n. 7 (3d Cir.2006).
At her immigration hearing, Chen testified that because she did not wait the required four-year period between having her first child and second child, she was issued a fine and given notice in December 1992 that she would be sterilized for having violated the country’s birth policy. In order to avoid sterilization, Chen testified that she went into hiding for a period and, as a result, Government officials tore down her home. Chen did not provide any evidence corroborating the claim, however.
In June 2002, Chen and her husband divorced and, in April 2003, she remarried. Chen testified that in December 2004, while undergoing a gynecological exam, she discovered that she was pregnant. Following her exam, Chen testified that she was taken to a hospital, where an abortion was performed against her will. Chen stated that after the procedure, she asked her mother to obtain the abortion and medical certificates from the hospital. The hospital refused, but later relented and gave Chen’s mother the documents.
Chen testified that she again was ordered sterilized, but the procedure was never performed because she told hospital officials that she would soon be leaving China for the United States. At the hearing, Chen testified that she believed the documents were authentic. Chen’s brother also testified that he obtained the abortion certificate from his mother and brother-in-law and that he brought the documents with him to the United States in 2006.
The IJ determined that the documents that Chen provided in support of her application were likely counterfeit. The DHS Forensic Document Laboratory concluded that it was unlikely that the documents are genuine because they were produced using methods inconsistent with known government documents, and instead consistent with known counterfeit documents. (A.R. 421.) Chen did not provide any other evidence establishing that the documents were genuine. Instead, she explained only the process by which the documents had been brought from China to the United States.
The IJ then weighed Chen’s testimony against the forensic lab report and determined that the documents were not genuine and that Chen’s use of false documentation to support her claims undermined her credibility. As a result, the IJ ruled that Chen failed to meet her burden of proving past persecution or a well-founded fear of future persecution, and thus, failed to establish eligibility for asylum. The BIA affirmed the IJ’s credibility determination, finding that the “observations were logically tied to the material points of the respondent’s claim and furnished a sound basis for his findings.” (A.R.4.)
*414 Our review of the record leads us to conclude that substantial evidence supports the adverse credibility finding. In Matter of O-D-, 211. & N. Dec. 1079,1082 (BIA 1998), the BIA held that when a fraudulent document is used to support an asylum claim, it “generally discredits [the applicant’s] testimony regarding asylum eligibility.” Indeed, “a single false document or a single instance of false testimony may (if attributable to the petitioner) infect the balance of the alien’s uncorroborated or unauthenticated evidence.” Siewe v. Gonzales, 480 F.3d 160, 170 (2d Cir.2007).
In this case, the documentary evidence that Chen submitted went to the heart of her claim, providing the only corroborating evidence that she was forced to undergo an abortion. While Chen’s brother testified at the hearing that he had been given the documents by other family members, the testimony did not address the issue of their authenticity.[4] As a result, Chen was unable to rebut the forensic analyst’s conclusion that the documents were likely fraudulent.
Although Chen argues that the IJ should have ordered DHS to conduct further forensic testing on the documents before rendering a decision, she cites no legal authority supporting the proposition. Indeed, at all times, Chen bore the burden of proof of demonstrating through credible evidence that she qualified for relief. See INA § 208(b)(1)(B) (burden of proof for asylum). Further, the forensic report was first produced to Chen in August 2006, when the Government filed its motion to reopen, and thus, she has had significant opportunity to rebut its findings.
Accordingly, we hold that substantial evidence supports the agency’s conclusion that Chen’s testimony was not credible, and therefore she could not establish a well-founded fear of future persecution or torture. The petition for review will be denied.

. Rong Qiao Zhang and Ming Fu Zhang are the minor children of Xiao Yan Chen.

. Because Chen is the lead petitioner, we will refer primarily to her throughout our Opinion.

.Chen submitted with her asylum application an abortion certificate and accompanying medical receipt issued by a hospital in Chan-gle City.

. Chen’s mother provided a written statement explaining that she obtained the abortion certificate from a "local government agency.” (A.R.65). However, the document itself states that it was issued by "Changle Hospital.” Accordingly, the statement from Chen's mother does not undermine the findings of the forensic analyst.